Aaron F. Goldstein, J.
The defendant is charged with violating section C26-185.0 of the Administrative Code of the City of New York for occupying premises without first obtaining a certificate of occupancy. The defendant is a co-owner of a dwelling house for which a certificate of occupancy had been issued. Thereafter, a contractor was engaged to add a one-room extension to the house to provide a bedroom for defendant’s mother-in-law. Plans for such addition were approved by the Building Department under Alteration No. 1874-1960. The contractor completed such addition but not in accordance with the approved plans.
Furniture which had been purchased for the bedroom was placed therein. Inspector Anthony Covallo testified for the People that he saw no visible signs of occupancy in the one-room extension. The wife of the defendant testified that neither she, her mother nor any other person had ever occupied such room and that her mother slept in some other part of the house. Consequently, the People failed to prove the additional room was actually occupied by any person.
In seeking a conviction, the People rely on the definition of the word “ occupied ” as found in section C26-100.0 of the Administrative Code, to wit: ‘ ‘ The term ‘ occupied ’, as applied to any structure, shall mean, occupied or intended, designed or *611 arranged to be occupied.” It is undisputed that the one-room extension was intended, designed and arranged to be occupied. Therefore, the People contend that it was not necessary that someone actually slept in the room or actually used it.
I cannot agree with such contention. Title C is the Building Code part of the Administrative Code. It relates not only to alterations of buildings for which a certificate of occupancy has already been issued, but also to the construction of new buildings. It relates as well to issuance of various types of construction permits. Therefore, the statute in order to define the term “occupied” indicated that such term could mean “actually occupied ” as to some sections of the title C, or could mean “intended, designed or arranged to be occupied” as to other sections of title C.
It is to be borne in mind that the original certificate of occupancy was not revoked by the filing and approval of the plans for the additional room by way of an extension of the house. In this case only an alteration was involved and the structure could be and was legally occupied by the defendant during the course of the construction. His occupation of the original structure is still legal even though the extension is apparently completed. He may not actually occupy the extension for living purposes until the original certificate of occupancy is amended to embrace both the original structure and the extension or until a new certificate of occupancy for the structure, as extended, is obtained.
Therefore, I find that the defendant is not guilty, and, upon the entire case, the information should be dismissed on both the law and on the facts.